JENNA M. COOK, ESQUIRE
LAW OFFICES OF JENNA M. COOK
1201 New Road, Suite 230
Linwood, New Jersey 08221
609-601-6625
jenna@jmcooklaw.net
Attorney for Diana Oriental Nails, LLC
and Diana Tram

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUA ZHU CHEN, on behalf of herself and others similarly situated,<br><br>Plaintiff<br>v.<br><br>DIANA'S ORIENTAL NAILS LLC and DIANA TRAM<br><br>Defendants | CIVIL ACTION:<br><br>CASE NUMBER 1:15-CV-05037-JHR-KMW<br><br>Electronically filed |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM UNDER THE FAIR LABOR STANDARDS ACT**

**Jenna M. Cook, Esquire**
**L. Patricia Sampoli, Esquire,**
**on the brief**

# TABLE OF CONTENTS


| | PAGE |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | iii |
| Statement of Facts | 1 |
| Legal Argument: | |
| I. THE FAIR LABOR STANDARDS ACT DOES NOT APPLY BY EITHER ENTERPRISE COVERAGE OR INDIVIDUAL COVERAGE PROVISIONS, THEREFORE PLAINTIFF'S FEDERAL COURT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION | 2 |
| A. Plaintiff is not protected under "individual coverage" of the FLSA | 2 |
| B. Plaintiff is not entitled to protection under "enterprise coverage" of the FLSA | 6 |
| II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT PURSUANT TO FRCP 56(c) | 7 |
| Conclusion | 8 |

# TABLE OF AUTHORITIES


| CASES | PAGE |
|---|---|
| Genarie v. PRD Management, 206 U.S. Dist. Lexis 2766 (D.N.J., January 25, 2006) | 6 |
| Haskins v. VIP Wireless, LLC 3000, 2010 U.S. Dist. Lexis 106, 205 | 7 |
| Matsushita Electric Industries Company Ltd v. Xenith Radio Corp., 475 U.S. 574,585 (1986) | 7 |
| Pino v. Painted to Perfection Corp., 563 Fed. Appx. 765 (11th Cir. 2014) | 3,4,5 |
| Ridgewood Board of Education v. N.E. for M.S. 172 F.3d. 238, 252 (3d. Cir. 1999) | 7,8 |
| Thorne v. All Restoration Servc., Inc., 448 F.3d 1264 (12th Cir. 2006) | 3,4 |

**STATUTES**

| | |
|---|---|
| 28 USC §§1331, 1337, 1343 and 1367 | iii |
| 29 USC §216 (6) | iii |
| 29 USCS §203 | 2 |
| 29 USCS §203 (s) (1) (A) (1i) | 6 |
| 29 USCS §207(a)(1)(s)(1) | 2 |

**REGULATIONS**

| | |
|---|---|
| 29 C.F.R. §776.9 | 5 |

## PRELIMINARY STATEMENT

Plaintiff,[1] Chen brings suit pursuant to the Fair Labor Standards Act, as amended, 29 USC Section 201, et. seq. (FLSA) alleging she is entitled to recover from defendants, Diana Oriental Nails, LLC and Diana Tram the following:

- Unpaid overtime
- Unpaid minimum wages
- Improper diversion of tips
- Liquidated damages
- Attorneys fees and costs

Plaintiff further alleges Federal Court Jurisdiction under 29 USC Section 216 (6), 28 USC Section 1331, 1337 and 1343 and Supplemental Jurisdiction over plaintiff's state law claims pursuant to 28 USC Section 1367.

The defendants, Diana Oriental Nails, LLC and Diana Tram, now move for summary judgment on all claims filed under FLSA in Counts I, III and V as this Court does not have jurisdiction over this matter.

[1] Plaintiff did not take any steps to add any additional plaintiffs or transform this matter into a collective action. Therefore, plaintiff Chen is the only plaintiff in this matter.

**STATEMENT OF FACTS**

Defendant repeats the factual assertions contained in the Local Civil Rule 56.1 Statement of Material Facts and incorporates the same as if fully set forth at length herein. A brief summary of the facts are set forth herein for ease of reference

1. Diana Oriental Nails, LLC is a salon located at 269 White Horse Pike, Pomona, New Jersey. Certification of Diana Tram, ¶3. ("Tram Cert.").

2. Diana Tram is the sole member of the LLC. Id at ¶1.

2. Diana Oriental Nails operates at the one location at 269 White Horse Pike, Pomona, New Jersey only. Tram Cert. at ¶3.

3. Plaintiff, Chen was employed by Diana Oriental Nails, LLC from May 2012 through March 2015. Id at ¶5.

4. During that period of time, Diana Oriental Nails, LLC employed approximately four or five people at any given time. Some worked full time others worked part-time. Tram Cert. at ¶4.

5. Gross revenue for 2012, 2013, 2014 and 2015 was slightly more than $100,000.00 for each of the aforementioned years. Id. at ¶6, Exhibit 1, Certification of Diana Tram.

6. Neither Diana Oriental Nails, LLC nor Diana Tram engage in interstate commerce nor have they ever. Tram Cert. at ¶7.

7. Employees of Diana Oriental Nails provide services of manicures, pedicures, waxing and acrylic nails on customers in the Galloway location. Exhibit B, Deposition of Diana Tram, T13:24-25-T14:1-2.

## LEGAL ARGUMENT

### I. THE FAIR LABOR STANDARDS ACT DOES NOT APPLY BY EITHER ENTERPRISE COVERAGE OR INDIVIDUAL COVERAGE PROVISIONS, THEREFORE PLAINTIFF'S FEDERAL COURT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

To be entitled to the protections of the FLSA, an employee must first demonstrate that he is covered by the FLSA.

This requires the employee to establish that (1) the employee himself is engaged in commerce or in the production of goods for commerce ("individual" coverage), **or** (2) the employer is an enterprise engaged in commerce (so called "enterprise" coverage). 29 USCS §207(a)(1) (s)(1) and 29 USCS §203.

Plaintiff in this case is not entitled to protection of the FLSA under either section.

#### A. Plaintiff is not protected under "individual coverage" of the FLSA.

Since plaintiff did not engage in commerce she was not protected by the FLSA under "individual coverage".

Individual coverage requires an employee to show that she was engaged in commerce by regularly and directly participating in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce; e.g. transportation or communication industry employees. Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (12th Cir. 2006).

The issue of individual coverage (and enterprise coverage) was squarely addressed in Pino v. Painted to Perfection Corp., 563 Fed. Appx. 764 (11th Cir. 2014).

In Pino, defendant employer operated a local pleasure boat refinishing and painting business in south Florida. The plaintiff Pino, was employed by defendant to paint boats in its south Florida location. Plaintiff sought overtime wages under the FLSA.

Defendant moved for summary judgment arguing that, among other things, plaintiff's work did not affect interstate commerce because he painted pleasure boats for local customers.

Plaintiff, argued he was protected by the FLSA because many of the boats he worked on were "destined for interstate commerce," and had foreign or out of state registries.

He argued that although he did not speak with the yachts' owners, he often spoke to the captains and learned the boats would travel out of state. Pino, 563 Fed. Appx. 764, *4.

The District Court granted summary judgment to the defendants. The Court determined the business was not an enterprise under the FLSA and Pino was not entitled to individual coverage under the FLSA because Pino did not use instrumentalities of commerce.

The Court reasoned that working on boats with foreign registries did not change his intrastate activity to one involving interstate commerce.

In affirming the District Court's grant of summary judgment, Court of Appeals held that Pino was not entitled to protection of the FLSA under individual coverage because he failed to show that he was "engaged in" commerce; that is, he regularly and "directly participated in the actual movement of persons or things in interstate commerce" by "working for an instrumentality of interstate commerce, e.g. transportation or communication with industry employees…" Pino, 563 Fed. Appx. at *7; citing Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cur. 2006).

The Court of Appeals Court held that Pino did not directly participate in the actual movement of persons or things in

interstate commerce and Pino was therefore not entitled to protection under individual coverage. Id.

In so holding the Court of Appeals reasoned that the act of painting boats is a purely intrastate activity; ("there is nothing about painting pleasure boats that directly moves the boats into interstate activity"). Pino, 563 Fed. Appx. 764 at *7-8. Furthermore, working on boats with foreign registries and speaking with captains of boats with foreign registries is not sufficient to establish that Pino was "engaged in commerce." Pino, 563 Fed. Appx. at *7. The Court of Appeals reasoned that "painting pleasure boats is not work that, if absent would impede, impair, or abate interstate commerce." See 29 C.F.R. §776.9.

Here, plaintiff Chen worked exclusively in Pomona, New Jersey. Activities such as manicures, pedicures, waxing and acrylic nails have no close and immediate connection with interstate commerce, nor did Chen participate in the actual movement of persons or things in interstate commerce.

Thus, Chen cannot demonstrate that she is protected by the FLSA under individual coverage.

**B. Plaintiff is not entitled to protection under "enterprise coverage" of the FLSA.**

Enterprise coverage does not apply because the nail salon did not generate gross sales volume of $500,000 annually in the years plaintiff was employed and, defendants did not engage in interstate commerce.

Enterprise coverage is only triggered if the employee establishes **both** a threshold minimum gross sales of $500,000 or more **and** the defendant entity was engagement in commerce.

First, the enterprise's annual gross volume of sales made or business done must be greater or equal to $500,000.00. Second, and in addition to the sales volume, the enterprise must have at least two employees that are (a) directly engaged in commerce (b) in the production of goods for commerce, or (c) handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce. Genarie v. PRD Management, 206 US Dist. Lexis 2766 (D.N.J., January 25, 2006) citing 29 USC §203 (s)(1)(A)(1i).

The Affidavit and tax returns of defendant Diana Tram shows the gross revenue of Diana Oriental Nails, LLC is slightly above $100,000.00. Therefore, enterprise coverage does not apply.

Since the minimum gross sales threshold cannot be established, the inquiry ends here and enterprise coverage can not be established.

## II. **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT PURSUANT TO FRCP 56(c)**

Federal Rule of Civil Procedure 56(6) provides that summary judgment may be granted if, drawing all inferences in favor of the nonmoving party, the pleadings, the discovery and disclosure materials on file, and any Affidavits show there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.

In this case, defendants, Diana Oriental Nails, LLC and Diana Tram bear the initial burden of showing there is no genuine issue of material fact in dispute with regard to the issue under consideration by the Court. Haskins v. VIP Wireless, LLC 3000, 2010 U.S. Dist. Lexis 106, 205 citing Matsushita Electric Industries Company Ltd v. Xenith Radio Corp., 475 U.S. 574, 585 (1986).

To avoid summary judgment, the plaintiff in this case may not speculate or rest on the allegations in the pleadings, but must present competent evidence from which a jury could reasonably find in her favor. Haskins citing Ridgewood Board of

Education v. N.E. for M.S. , 172 F.3d. 238, 252 (3d. Cir. 1999).

Plaintiff is cannot demonstrate that she meets either the individual coverage or enterprise coverage provisions of the FLSA.

Therefore, partial summary judgment dismissing plaintiff's allegations pursuant to the Fair Labor Standards Act must be granted.

## CONCLUSION

For the foregoing reasons defendants move for partial summary judgment as to Counts 1, III and V.

LAW OFFICES OF JENNA M. COOK

By: s/ Jenna M. Cook
Jenna M. Cook, Esquire

s/ L. Patricia Sampoli
L. PATRICIA SAMPOLI, ESQUIRE

Dated: April 7, 2017

**CERTIFICATE OF SERVICE**

I certify that the defendants' motion for partial summary judgment, certification of Jenna M. Cook, Esquire, Certification of Diana Tram, and Statement of Facts were served on all counsel of record on this 7th day of April, 2017.

LAW OFFICES OF JENNA M. COOK

By: /s Jenna M. Cook
Jenna M. Cook, Esquire