JENNA M. COOK, ESQUIRE
LAW OFFICES OF JENNA M. COOK
1201 New Road, Suite 230
Linwood, New Jersey 08221
609-601-6625
jenna@jmcooklaw.net
Attorney for Diana Oriental Nails, LLC
and Diana Tram

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUA ZHU CHEN, on behalf of herself and others similarly situated,<br><br>Plaintiff<br>v.<br><br>DIANA'S ORIENTAL NAILS LLC and DIANA TRAM<br><br>Defendants | CIVIL ACTION:<br><br>CASE NUMBER 1:15-CV-05037-JHR-KMW<br><br>**CERTIFICATION OF JENNA M. COOK, ESQUIRE**<br><br>Electronically filed |

I, Jenna M. Cook, of full age, hereby certify as follows:

1. I am the attorney for plaintiff and make this Certification based upon personal knowledge.
2. Attached hereto as Exhibit A is a true copy of the Complaint filed by plaintiff in the above matter.
3. Attached hereto as Exhibit B is a true copy of pages 13 & 14 of the deposition of Diana Tram taken in this matter.
4. Attached hereto as Exhibit C is the unpublished decision in Pino v. Painted to Perfection Corp., 563 Fed. App'x 764 (11th Cir. 2014).

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

/s Jenna M. Cook
JENNA M. COOK, ESQUIRE

Dated: April 7, 2017

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HUA ZHU CHEN, on behalf of herself and others similarly situated,

Plaintiff,

v.

DIANA ORIENTAL NAILS LLC., and DIANA TRAM, John Does and Jane Does # 1-10,

Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff HUA ZHU CHEN (hereinafter "Chen") on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants DIANA ORIENTAL NAILS LLC., and DIANA TRAM, John Does and Jane Does # 1- 10 (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) improper diversion of tips (4) liquidated damages and (5) attorney's fees and costs.

2 Plaintiff further alleges that, pursuant to the New Jersey State Wage and Hour Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorney's fees and costs.

Case 1:15-cv-05037-JHR-KMW Document 1 Filed 06/30/15 Page 2 of 12 PageID: 2

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391.

## PARTIES

5. Plaintiff Hua Zhu Chen ("Chen") is a resident of Galloway, New Jersey.

6. Upon information and belief, Defendant, Diana Oriental Nails, LLC is a domestic business corporation organized under the laws of New Jersey, with a principal place of business located at 266 White Horse Pike, Pomona, NJ 08240.

7. Upon information and belief, each Defendant, Diana Tram, is a Principal of Defendant, Diana Oriental Nails, LLC. Diana Tram exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiff and other similarly situated employees, they had the power to (i) fire and hire (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

8. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

9. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime wages in direct contravention of the FLSA and the New Jersey State Wage and Hour Law.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

11. On or about May 20, 2012, Plaintiff Chen was hired by Defendants and/or their predecessors, as applicable, to work as a nail technician for Defendants' Nail Spa located at 266 White Horse Pike, Pomona, NJ 08240.

12. Plaintiff Chen worked for Defendants from May 20, 2012 until on or about March 5, 2015.

13. During the employment of Plaintiff Chen, by Defendants, she worked over forty (40) hours per week. During Plaintiff Chen's employment by Defendants, she worked over ten (10) hours per day.

14. Specifically, April through September of each year, Plaintiff Chen worked from 9:00 am until 8:20 pm, from Monday through Saturday, and 9:50 a.m. until 5:30 p.m. on Sunday. Plaintiff Chen had one day off each week on either Tuesday or Thursday. She worked at least sixty three point five (63.5) hours a week.

15. From September through January and from March to April of each year, Plaintiff Chen worked from 9:00 am until 8:20 pm, from Monday through Saturday, and 9:50 a.m. until

Case 1:15-cv-05037-JHR-KMW Document 1 Filed 07/01/15 Page 4 of 12 PageID: 4

5:30 p.m. on Sunday. Plaintiff Chen had two days off each week during these months, on Tuesday and Thursday. She worked at least fifty two point five (52.5) hours a week.

16. In February of each year, Plaintiff Chen worked from 9:00 am until 8:20 pm, from Monday through Saturday, and 9:50 a.m. until 5:30 p.m. on Sunday. Plaintiff Chen worked seven days a week and she worked at least seventy-four point five (74.5) hours a week.

17. Plaintiff Chen was not paid on a regularly hourly basis, but instead based on commission. She was paid 60% of the business revenue that she handled and she received between $45 to $75 in commission per day.

18. Defendants deducted ten percent (10%) of the cumulative tips paid by all credit cards. Defendants improperly took $200.00 of Plaintiff's tips.

19. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New Jersey State Wage and Hour Law minimum wage to the Plaintiff.

20. Defendants took an improper tip credit with respect to Plaintiff and all other tipped employees of the Defendants given Defendants' failure to (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees and (iii) maintain a proper tip pool because management participated in the tip pool.

21. Plaintiff retained Hang & Associates, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**
**COUNT I**
**[Violations of the Fair Labor Standards Act—Minimum Wage Claim Brought on behalf of the Plaintiff and the FLSA Collective]**

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. At all times relevant to this action, the Defendants were Plaintiff's employers within the meaning of 29 U.S.C. §203 (d).

22. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207 (a).

23. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

24. Defendants have willfully failed to compensate the Plaintiff and Class members the applicable minimum wage in violation of 29 U.S.C. §206 (a).

25. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional within the meaning of 29 U.S.C. §255(a). Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and Class members.

26. Due to Defendants' FLSA violations, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the

Case 1:15-cv-05037-JHR-KMW Document 1 Filed 07/01/15 Page 6 of 12 PageID: 6

action, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

**COUNT II**
**[Violation of New Jersey Labor Law—Claim for Minimum Wages]**

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

28. At all times relevant to this action, Plaintiff and Class members were employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

29. At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

30. Defendants willfully failed to record, credit, or compensate Plaintiff and Class members the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically New Jersey Statutes Annotated 34:11-56 and applicable regulations.

31. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorney's fees and costs of the action, pursuant to the New Jersey Wage and Hour Law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at trial.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage Claim Brought on behalf of the Plaintiff and the FLSA Collective]**

32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33. At all times relevant to this action, the Defendants were Plaintiff and Class Members' employers within the meaning of 29 U.S.C. § 203 (d).

34. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and 207 (a).

35. Defendants willfully failed to pay Plaintiff and Class Members overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiffs were entitled under 29 U.S.C. §206 (a), in the violation of 29 U.S.C. §207(a)(1).

36. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

37. Due to Defendants' FLSA violations, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

**COUNT IV**
**[Violation of New Jersey Wage and Hour Law—Claim for Overtime Wages]**

38. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. At all times relevant to this action, Plaintiff and Class members were employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

Case 1:15-cv-05037-JHR-KMW Document 1 Filed 06/29/15 Page 8 of 28 PageID: 8

40. At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

41. Defendants willfully failed to pay Plaintiff and Class members' overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiff and Class members were entitled under New Jersey Wage and Hour Law, in violation of New Jersey Statutes Annotated 34:11-56a4 and 12:56.

42. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages as well as reasonable attorneys' fees and costs of the action, pursuant to the New Jersey Wage and Hour law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at Trial.

**COUNT V**
**[Violation of New Jersey Wage Payment Law—Claim for Unpaid Wages]**

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. At all times relevant to this action, Plaintiff and Class members were employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-4.1.

45. At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-4.1

46. Defendants willfully failed to pay Plaintiff and Class members' wages that Plaintiff and Class members were entitled under New Jersey Wage Payment Law, in violation of New Jersey Statutes Annotated 34:11-4.2 and 34:11-4.3.

Case 1:15-cv-05037-JHR-KMW Document 1 Filed 07/01/15 Page 9 of 29 PageID: 9

47. Due to Defendants' violations of the New Jersey Wage Payment Law, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, her full amount of wages due plus an additional equal amount as liquidated damages, as well as as reasonable attorneys' fees and costs of the action, pursuant to the New Jersey Wage Payment Law, specifically New Jersey Statutes Annotated 34:11-56.8, all in an amount to be determined at Trial.

**COUNT V**
**[Violation of the Fair Labor Standards Act — Improper Diversion of Tips Brought on behalf of Plaintiffs and the FLSA Collective]**

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Plaintiff brings this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of herself and all other similarly situated persons, if any, who consent in writing to join this action.

50. The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee. Where an employer does not strictly observe the tip credit provisions of the Act, no tip credit may be claimed and the employees are entitled to receive the full cash minimum wage, in addition to retaining tips they may and should have received.

51. Upon information and belief, Defendants did not allow Plaintiff and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained portions of the tips earned by Plaintiff and the FLSA Collective.

52. In addition, upon information and belief, Defendants appear to have applied a tip credit to the wages of Plaintiff and the FLSA Collective even though Defendants did not

Case 1:15-cv-05037-JHR-KMW Document 1-1 Filed 07/01/15 Page 12 of 12 PageID: 340

properly inform Plaintiff and the FLSA Collective of the tipped minimum wage or tip credit provisions of the FLSA, nor did they properly apply the tip credit to Plaintiffs' and the FLSA Collective's wages.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective, are entitled to recover from Defendants their minimum wage compensation, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA and for their unreasonably delayed payment of wages, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

**Prayer For Relief**

WHEREFORE, Plaintiff, on herself and all similarly situated employees, respectfully requests that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey State Wage and Hour Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

Case 1:15-cv-05037-JHR-KMW Document 1 Filed 07/01/15 Page 11 of 12 PageID: 11

provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid minimum wages due under FLSA and New Jersey State Wage and Hour Law;

d) An award of unpaid overtime compensation due under FLSA and New Jersey State Wage and Hour Law;

e) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to New Jersey State Wage and Hour Law;

f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to New Jersey State Wage and Hour Law;

g) An award of prejudgment and post-judgment fees;

h) An award of costs and expenses of this action together with reasonable attorney's and expert fees;

i) Designation of this action as a class action pursuant to F.R.C.P. 23;

r) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of herself and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Case 1:15-cv-05037-JHR-KMW Document 1-1 Filed 07/01/15 Page 12 of 12 PageID: 32

Dated: June 25, 2015
New York, New York

FRANK M. GRAZIADEI, P.C.

Frank M. Graziadei, Esq.
130 Water Street, Ste. 10B
New York, NY 10005
Tel: (212) 785-0885
grazlaw78@gmail.com

Co-Counsel
William Brown (*to be admitted pro hac vice)*
Hang & Associates, PLLC.
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
wbrown@hanglaw.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HUA ZHU CHEN, on behalf of herself and others similarly situated.

(b) County of Residence of First Listed Plaintiff: Atlantic County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Frank M. Graziadei, P.C. (212) 785-0885
130 Water Street, Suite 10B Grazlaw78@gmail.com
New York, New York 10005

## DEFENDANTS

DIANA ORIENTAL NAILS LLC., and DIANA TRAM,
John Does and Jane Does #1-10

County of Residence of First Listed Defendant: Atlantic County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: FSLA 29 U.S.C. 216(b)

Brief description of cause: Unpaid wages for overtime work

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ AMOUNT T/B/D.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE 7/1/15 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - -

| | |
|---|---|
| HUA ZHU CHEN, on behalf of herself and others similarly situated, Plaintiff | : |
| v. | : CASE NO. 15-CV-5037 (NJDC) |
| DIANA ORIENTAL NAILS, LLC; DIANA TRAM and JOHN DOES and JANE DOES, 1-10, Defendants | : |

- - -

Thursday, August 11, 2016

- - -

Oral deposition of DIANA TRAM, taken pursuant to notice and through an interpreter, was held at the Law Offices of Jenna M. Cook, 1201 New Road, Suite 230, Linwood, New Jersey 08221, commencing at 3:00 p.m., on the above date, before Margaret Evangelisti, a Federally-Approved Registered Professional Reporter, a Certified Court Reporter and Notary Public.

- - -

Q. How long have you been using Kenny's service?
A. Since the day I opened my business.
Q. Is Kenny a certified CPA, if you know?
A. I am not sure on that.
Q. Exactly what type of service can he provide for you?
A. He do the payroll. He file tax return for me. And he also file quarterly report.
Q. If we're asking for Kenny's contact information, can you provide it for us?
A. If you want, I can give you, if I remember.
MS. LIU: Jenna, we're going to want the contact information for Kenny.
MS. COOK: Why don't you send me a demand for what you need?
MS. LIU: Sure, I will do that.
BY MS. LIU:
Q. At any given time, on average, how many employees do you think you have?
A. Four employees or five employees.
Q. What kind of service does your store provide?

A. We provide manicure, pedicure, waxing and acrylic nails.

Q. Earlier you said your store, on average, has four or five employees. Is that including yourself?

A. That include me.

Q. So an employee can do any type of those services you just told me? For example, one employee, can they do both manicure and pedicure, or are they specialized in one type of service?

A. Some employee can do only one, like manicure, other employee can do pedicure. All of them really can do everything, depends.

Q. What are the positions at your store? What are the employee positions at your store?

A. What we call is -- one employee, we call either the main -- one is the main employee.

Nail tech (English.)

The other one is a helper.

Q. What's a helper's responsibilities?

A. The helper work on the pedicure, also cut the cuticle on the finger and also cuticle of the toes.

Q. So the helper basically does

# EXHIBIT C

Lexis Advance® Research

More

Document: Pino v. Painted to Perfection Corp., 563 Fed. Appx. 764 Actions

Go to Search Document

Results list

# Pino v. Painted to Perfection Corp., 563 Fed. Appx. 764

Copy Citation

United States Court of Appeals for the Eleventh Circuit

May 12, 2014, Decided

No. 13-14769 Non-Argument Calendar

**Reporter**

**563 Fed. Appx. 764 *** | 2014 U.S. App. LEXIS 8831 ** | 22 Wage & Hour Cas. 2d (BNA) 916 | 2014 WL 1876927

**ALFREDO** OCAMPO **PINO**, and all others similarly situated under 29 U.S.C. 216(B), Plaintiff-Appellant, versus PAINTED TO PERFECTION CORP., NOEL NAZARIO, Defendants-Appellees.

**Notice:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [**1] Appeal from the United States District Court for the Southern District of Florida. D.C. Docket No. 1:12-cv-23609-JLK.

**Disposition:** AFFIRMED.

## Core Terms

boats, interstate commerce, Painted, commerce, engaged in commerce, individual coverage, overtime, summary judgment, interstate, registries, employees

## Case Summary

**Overview**

ISSUE: Whether the district court properly granted summary judgment in favor of an employer, a yacht refinishing and painting business, in an action for overtime wages under 29 U.S.C.S. § 207(a)(1) of the **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq. HOLDINGS: [1]-The employee failed to show that he was eligible for individual coverage by showing that he was engaged in commerce where, despite the fact that he worked on boats with foreign registries, he never traveled outside of the state to work on any boats, and the fact that the employer's owner did so was irrelevant; [2]-Fact that the boats at some point moved in interstate commerce was also insufficient, as the employee was required to show that he directly participated in the actual movement of persons or things in interstate commerce; [3]-Act of painting the boats was a purely intrastate activity.

**Outcome**

The court affirmed the judgment.

## LexisNexis® Headnotes

Business & Corporate Compliance > ... > Wage & Hour Laws > Scope & Definitions > Overtime & Work Periods

**HN1** The **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq., mandates that an employee who is engaged in interstate commerce must be paid time-and-a-half for all hours he works in excess of 40 hours per week. 29 U.S.C.S. § 207(a). More like this Headnote

*Shepardize* - Narrow by this Headnote

Labor & Employment Law > Wage & Hour Laws > Remedies > Private Suits

**HN2** The **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq., creates a private cause of action by an employee for the recovery of unpaid overtime wages and back pay. 29 U.S.C.S. § 216(b). More like this Headnote

*Shepardize* - Narrow by this Headnote

HN3 A court of appeals reviews de novo a district court's grant of summary judgment. More like this Headnote

Shepardize - Narrow by this Headnote

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes
Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Legal Entitlement
Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

HN4 Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). More like this Headnote

Shepardize - Narrow by this Headnote

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Appropriateness

HN5 On a motion for summary judgment, a court draws all factual inferences in a light most favorable to the nonmoving party. More like this Headnote

Shepardize - Narrow by this Headnote

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Definition of Employees
Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Enterprise Coverage
Business & Corporate Compliance > ... > Wage & Hour Laws > Scope & Definitions > Overtime & Work Periods

HN6 The **Fair Labor Standards Act (FLSA)**, 29 U.S.C.S. § 201 et seq., requires employers to pay covered employees at an overtime rate if they work more than 40 hours in a workweek. 29 U.S.C.S. § 207(a)(1). To be entitled to the Act's protections, however, an employee must first show that he is covered by the Act by establishing either that his employer is an enterprise engaged in commerce or that he is entitled to individual coverage. More like this Headnote

Shepardize - Narrow by this Headnote

Preservation for Review

HN7 Issues not raised in the initial brief are abandoned. More like this Headnote

Shepardize - Narrow by this Headnote

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Definition of Employees
Business & Corporate Compliance > ... > Wage & Hour Laws > Scope & Definitions > Overtime & Work Periods

HN8 To be eligible for individual coverage under the **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq., an employee must show that he was engaged in commerce; that is, he regularly and directly participated in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees. 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005). More like this Headnote

Shepardize - Narrow by this Headnote

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Definition of Employees
Business & Corporate Compliance > ... > Wage & Hour Laws > Scope & Definitions > Overtime & Work Periods

HN9 29 U.S.C.S. § 207(a)(1) of the **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq., mandates time-and-a-half for employees engaged in interstate commerce or in the production of goods for interstate commerce. 29 C.F.R. § 776.1 addresses the requirement that the employee be engaged in commerce. More like this Headnote

Shepardize - Narrow by this Headnote

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > General Overview

HN10 In the **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq., "commerce" is defined to include transportation between states and is very broadly defined. 29 C.F.R. § 776.8. In determining what activities qualify as "in commerce," one practical question to be asked is whether, without the particular service, interstate or foreign commerce would be impeded, impaired, or abated; others are whether the service contributes materially to the consummation of transactions in interstate or foreign commerce or makes it possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it from burdens or obstructions. 29 C.F.R. § 776.9. More like this Headnote

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Definition of Employees

**HN11** Employees must be in the channels of interstate commerce, such as operating or maintaining transportation facilities, to be covered under the **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq. But those who merely affected that commerce are not entitled to coverage under the "engaged in commerce" provision of the **FLSA**. 29 C.F.R. § 776.11(c). More like this Headnote

*Shepardize* - Narrow by this Headnote

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Definition of Employees

**HN12** When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the **Fair Labor Standards Act** (**FLSA**), 29 U.S.C.S. § 201 et seq. More like this Headnote

*Shepardize* - Narrow by this Headnote

**Counsel:** For **Alfredo** Ocampo **Pino**, Plaintiff - Appellant: Jamie H. Zidell, Joseph J. DiSpaldo, Karl David Kelly, Joseph Perea, J.H. Zidell, PA, Miami Beach, FL.

For Painted to Perfection Corp., Noel Nazario, Defendants - Appellees: Eddy O. Marban, Edilberto O. Marban, The Law Office of Eddy O. Marban, Coral Gables, FL.

**Judges:** Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

## Opinion

**[*765]** PER CURIAM:

**Alfredo Pino** appeals from the district court's order granting summary judgment to his employer Painted to Perfection Corp. and its owner Noel Nazario in this action for overtime wages under the **Fair Labor Standards Act** (**FLSA**), 29 U.S.C. §§ 201 *et seq.* 1 We must decide whether **Pino** was an individual "engaged in commerce," and thus entitled to overtime, under § 207(a)(1). Because we conclude that he was not, we affirm.

Painted to Perfection is a yacht refinishing and painting business owned by Nazario in south Florida. In

employee, he averaged 63 hours a week at $15 per hour, with no overtime compensation.

In 2012, **Pino** filed the instant complaint seeking overtime wages under the **FLSA**. 2 He alleged that Painted to Perfection was an "enterprise" grossing $500,000 or more a year, and that both his work and the business itself affected interstate commerce.

Painted to Perfection moved for summary judgment, explaining that the business did not gross more than $500,000 a year in any of the relevant years, and thus it was not an "enterprise" under the **[*766] FLSA**. It also argued that **Pino**'s work did not affect [**3] interstate commerce because he painted pleasure boats for local customers.

In Nazario's attached deposition, Nazario confirmed that his business did not gross the minimum amount to qualify as an "enterprise." And although he conceded that he had done work on boats from Italy, he stated that to his knowledge, the boats **Pino** worked on all belonged to local customers. In his affidavit, Nazario stated that he owned a local business that painted pleasure boats for local customers. He explained that the boats were not of a commercial nature and not intended for interstate commerce.

In his affidavit, **Pino** stated that many of the boats he worked on were "destined for interstate commerce," and had foreign or out-of-state registries. He explained that, although he did not speak with the yachts' owners, he often spoke to the captains and learned the boats would travel out of state.

The district court granted summary judgment to Nazario and Painted to Perfection, finding that the business was not an enterprise under the **FLSA**. The court further found that **Pino** was not entitled to individual coverage under the **FLSA** because he did not use instrumentalities of commerce. The court explained that working [**4] on boats with foreign registries did not change his intrastate activity to one involving interstate commerce. **Pino** now appeals.

*HN3* We review *de novo* the district court's grant of summary judgment. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). ***HN4*** Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *HN5* "We draw all factual inferences in a light most favorable to the nonmoving party." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

*HN6* The **FLSA** requires employers to pay covered employees at an overtime rate if they work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). To be entitled to the Act's protections, however, **Pino** must first show that he is covered by the Act by establishing either that his employer is an "enterprise engaged in commerce" or that he is entitled to individual coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). At issue in this case is whether **Pino** can establish individual coverage. 3

*HN8* To be eligible for "individual coverage," **Pino** must show that he was "engaged in" commerce; that is, he regularly and "directly participat[ed] in the actual movement of persons or things in interstate commerce" by "working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees . . . ." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (*citing* *McLeod v. Threlkeld*, 319 U.S. 491, 493-98, 63 S. Ct. 1248, 87 L. Ed. 1538 (1943); 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005)); *see also* *HN9* 29 U.S.C. §

the employee be engaged in commerce).

*HN10* "Commerce" is defined to include transportation between states and is "very broadly defined." *See* 29 C.F.R. § 776.8. **[*767]** In determining what activities qualify as "in commerce,"

> [o]ne practical question to be asked is whether, without the particular service, interstate or foreign [**6] commerce would be impeded, impaired, or abated; others are whether the service contributes materially to the consummation of transactions in interstate or foreign commerce or makes it possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it from burdens or obstructions.

29 C.F.R. § 776.9.

In *McLeod*, which involved a cook for a railroad company, the Supreme Court explained that *HN11* employees must be in the "channels of interstate commerce," such as operating or maintaining transportation facilities, to be covered under the **FLSA**. But "those who merely affected that commerce" were not entitled to coverage under the "engaged in commerce" provision of the **FLSA**. *McLeod*, 319 U.S. at 493-94; *see also* 29 C.F.R. § 776.11(c) (stating that in *McLeod* the cook's work was "too remote from interstate commerce or foreign commerce to establish coverage on the ground that the employee performing it is 'engaged in commerce'").

**Pino** argues that he was "engaged in commerce" because he worked on boats with foreign registries, he spoke with captains of boats with foreign registries, and Nazario traveled out of state to work on boats. The district [**7] court found these insufficient to establish **FLSA** coverage. We agree.

There is no dispute that **Pino** never traveled outside Florida to work on any boats, and the fact that Nazario did is irrelevant. *Josendis*, 662 F.3d at 1316. Moreover, the fact that the boats at some point moved in interstate commerce is also insufficient. Instead, **Pino** must show that he "directly participated in the actual movement of persons or things in interstate commerce." *Id.* (citing *Thorne*, 448 F.3d at 1266) (emphasis omitted). The interstate nature of the boats **Pino** worked on ended when the boats reached their ultimate consumer. *See Thorne*, 448 F.3d at 1267 (*HN12* "When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act."). Moreover, the act of painting the boats is a purely intrastate activity. *See e.g.*, *Navarro v. Broney Auto Repairs, Inc.*, 314 F. App'x 179, 180 (11th Cir. 2008) (installation of motor parts into foreign and domestic cars was intrastate activity). There is nothing about painting pleasure boats that directly moves the boats into interstate commerce.

Finally, **Pino** alleged [**8] that he worked on boats with foreign registries. But painting such boats does not have the type of "close and immediate" connection with interstate commerce that would trigger individual coverage. *Cf. Kirschbaum v. Walling*, 316 U.S. 517, 518-26, 62 S. Ct. 1116, 86 L. Ed. 1638 (1942) (holding that maintenance workers of clothing manufacturer were covered under the **FLSA**). Painting pleasure boats is not work that, if absent, would "impede[], impair[], or abate[]" interstate commerce. *See* 29 C.F.R. § 776.9. Nor is it the type of "service [that] contributes materially to the consummation of transactions in interstate or foreign commerce or makes it possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it

Accordingly, for the foregoing reasons, we conclude that **Pino** was not engaged in **[*768]** commerce in such a way as to be eligible for individual coverage.

**AFFIRMED.**

**Footnotes**

1

*HN1* The **FLSA** mandates that an "employee[ ]" who is "engaged in interstate commerce" must be paid time-and-a-half for all hours he works in excess of forty hours per week. 29 U.S.C. § 207(a). *HN2* The **FLSA** creates a private cause of action by the employee for the recovery of unpaid overtime [**2] wages and back pay. *Id.* § 216(b).

2

Although **Pino** captioned his complaint as "on behalf of others similarly situated," he did not make any class allegations or seek class certification. *See, e.g.*, Fed. R. Civ. P. 23 (addressing class actions). Thus, we will consider **Pino**'s allegations as they apply to him individually.

3

**Pino** has abandoned his argument that Painted to Perfection was an "enterprise" [**5] under the **FLSA**. *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) (explaining that *HN7* issues not raised in the initial brief are abandoned).

LexisNexis RELX Group™