UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HUA ZHU CHEN, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 15-5037 |
| v. | : | |
| | : | OPINION |
| DIANA'S ORIENTAL NAILS, LLC AND DIANA TRAM, | : | |
| Defendants. | : | |

This matter comes before the court on Motion of Defendants Diana's Oriental Nails and Diana Tram for summary judgment pursuant to Fed. R. Civ. P. 56. The Court has considered the written submissions of the parties as well as the arguments advanced at the hearing on November 14, 2017. For the reasons stated on the record that day, as well as those that follow, Defendants' motion is granted.

## I.  Background

Plaintiff Hua Zhu Chen filed a six count Complaint alleging violations of the Fair Labor Standards Act for failure to pay minimum wages, failure to pay overtime wages and improper diversion of tips, pursuant to 29 U.S.C. §§206 (a), 203 (d), and 216 (b). Chen also alleges similar violations of the New Jersey Labor Laws pursuant to 34:11-56a1(h). Defendant moves for summary judgment only as to the federal claims as plead in Count I, II, and VI, on grounds that Chen is not entitled to the protections of the FLSA because the nail salon did not generate gross volume of $500,000.00 annually and/or because Plaintiff and Defendants did not engage in interstate commerce.

1

## II. Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a

## II. Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a

properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

### III.   Analysis

The FLSA regulates, inter alia, wages, hours, and overtime compensation and provides both individual and enterprise coverage. Genarie v. PRD Mgmt., No. 04–2082, 2006 WL 436733, at *5 (D.N.J. Feb.17, 2006). During oral argument, Plaintiff conceded that the type of coverage at issue here is enterprise coverage. Enterprise coverage protects employees who are "employed in an enterprise engaged in commerce or the production of goods for commerce." Genarie, 2006 WL 436733, at *5. As a threshhold matter, enterprise coverage applies to employers that "[have an] annual volume of sales made or business [that] is not less than $500,000." 29 U.S.C. § 203(s) (1) (A)(i)-(ii);

Juan Su v. Guang Yang Li, No. CIV.A. 10-5268 MLC, 2011 WL 3329882, at *1–2 (D.N.J. Aug. 1, 2011).

Defendants submit an Affidavit of Defendant Diana Tram, the relevant tax returns of Diana's Oriental Nails, and a Certification from the tax return preparer Kenny Pham in support of its position that the annual gross revenue of the nail salon fails to meet the $500,000.00 threshhold for enterprise coverage.  The record reflects that the nail salon's gross revenue for the tax years 2012, 2013, 2014, and 2015 barely exceeded $100,000.00 during Plaintiff's employment.

Plaintiff fails to identify any evidence in the record to call the veracity of the tax returns into question.  Plaintiff relies solely on her declaration which assumes wages based upon hours allegedly worked by all of the alleged employees, none of which were deposed or offered affidavits. In addition, in her brief in opposition, Plaintiff makes calculations based on her projections of all of the employees earned wages and other salon expenses without citing to any support in the record or authority.  Finally, Plaintiff attacks the tax returns as false and argues that a tax return is insufficient proof on summary judgment in an FLSA case.  Plaintiff's argument miss the mark.

In order to survive summary judgment, Plaintiff must demonstrate a material dispute of fact regarding whether the nail salon had an annual gross income of more than $500,000.  Despite having exchanged discovery, which includes Defendants' payroll ledger, Plaintiff did not depose any of the employees she alleges worked at the salon or Kenny Pham, who prepared Defendants' tax returns.  Without citing to any support in the record, Plaintiff baldly states in her brief that "Defendants' tax returns are unreliable, insufficient and do not tend to support the argument that Defendant made

less than $500,000.00." Pl. Opp. Brief, p. 8.  Plaintiff also claims that the redacted versions of the tax returns submitted in support of the motion are insufficient and that there is no proof that these returns were actually filed.

Counsel for Plaintiff conceded at oral argument that the redacted versions of the tax returns submitted in support of the motion for summary judgment are identical to the unredacted versions exchanged during discovery and that the redactions have no impact on the total numbers relevant to the Court's considerations on this motion.  In addition, counsel acknowledged that Kenny Pham was not deposed and, therefore, Plaintiff cannot challenge his certification, which states that the Schedule C's are true and accurate copies of the versions filed by him with the State of New Jersey and the United States Treasury.  Kenny Pham Cert., ¶3.  Finally, because Plaintiff neither identified nor deposed any of her co-workers, her unsupported statements regarding the amount of hours worked is insufficient on summary judgment to create a genuine issue of material fact.

Plaintiff cites to Monterossa v. Martinez Rest. Corp., No. 11 CIV. 3689 JMF, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012) for the proposition that Plaintiff's own words are sufficient to call the veracity of the tax returns into question.  In Monterossa, the plaintiff demonstrated that the defendant restaurant's tax returns were inconsistent with defendants' own records which indicated that defendants paid significantly more in wages than the restaurant claimed on its tax returns.  Id. As a result, the court denied summary judgment, even though the restaurant's tax returns did not show a gross annual income that vaulted the threshold amount, because the defendants' own records strongly suggested that it had sufficient gross annual income to qualify for coverage

5

under the FLSA.  <u>Monterossa v. Martinez Rest. Corp.</u>, No. 11 CIV. 3689 JMF, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012). Here, Plaintiff's assertions and speculation ask the Court to extrapolate generalized figures and hours without the benefit of any documentation or testimony from her co-workers.  In addition, even though Plaintiff's counsel stated during oral argument that Defendants' payroll ledger was produced, there was no attempt made in this motion to identify any inconsistencies or marshal any evidence to undermine the veracity of the ledger or tax return.  Instead, Plaintiff simply states that the financial submissions are untrustworthy and clearly false.

While the Court agrees that cash, or predominantly cash, businesses may insulate themselves from FLSA claims with clever book-keeping and that such practices frustrate a plaintiff's attempt to marshal evidence in support of a claim, summary judgment requires more  than "mere allegations, general denials or . . . vague statements . . . ." <u>Trap Rock Indus., Inc.</u>, 982 F.2d at 890 (citation omitted).  As the non-moving party, Plaintiff must identify some evidence beyond her own speculation to create a genuine issue of material fact.  Here, counsel acknowledged that no depositions were taken of the other employees or the tax preparer.  In addition, although not required, Plaintiff could have submitted her own tax return to show a discrepancy in the amount of hours she worked versus the amount of time Defendants recorded.  The payroll ledger was not challenged or used to highlight any inference of inaccuracy.  As a result, the Court is left with unchallenged evidence tending to show that the business does not "[have an] annual volume of sales made or business [that] is not less than $500,000." 29 U.S.C. § 203(s) (1) (A)(i)-(ii) to be amenable to suit under the FLSA.  Summary judgment is granted in favor of Defendants as to Counts I, II, and VI.

IV.     Conclusion

For the reasons set forth above, summary judgment is granted in favor of Defendants as to Counts I, II, and VI.  The decision of whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims is left to the Court's discretion as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because this Court has dismissed Plaintiff's federal claims, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims. Section 1367(c)(3) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction.

See 28 U.S.C. § 1367 (c) (3).  Other courts faced with similar situations have followed this procedure. See, e.g., McGrain v. City of Philadelphia, 2006 WL 2668651, at *7 (E.D.Pa. Sept. 15, 2006) (declining to exercise jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 (c) (3) when all federal claims have been dismissed); and Cunningham v. Lenape Regional High Dist. Bd. of Educ., 492 F.Supp.2d 439, 451 (D.N.J. 2007) (same).

As a result, Plaintiff's remaining state law claims are hereby dismissed.

Dated: November 27, 2017

             s/ Joseph H. Rodriguez
             Hon. Joseph H. Rodriguez,
             UNITED STATES DISTRICT JUDGE